**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **B.M.-1, B.M.-2, and I.M.**

**No. 19-0495** (Wood County 18-JA-175, 18-JA-176, and 18-JA-177)

**MEMORANDUM DECISION**

Petitioner Mother L.D., by counsel Heather L. Starcher, appeals the Circuit Court of Wood County's March 13, 2019, order terminating her parental rights to B.M.-1, B.M.-2, and I.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Eric K. Powell, filed a response on behalf of the children also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period and terminating her parental rights without considering a less-restrictive disposition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR filed a child abuse and neglect petition against petitioner after the child, B.M.-1, tested positive for methamphetamines and amphetamines at birth. Petitioner admitted to a Child Protective Services ("CPS") worker that she relapsed during the last month of her pregnancy and had last used the day before giving birth to B.M.-1. Petitioner further admitted that she continued to use illegal substances and would test positive for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials, we will refer to them as B.M.-1 and B.M.-2, respectively, throughout this memorandum decision.

methamphetamines and heroin. The DHHR alleged that petitioner physically abused the child, B.M.-1, by knowingly using illegal substances while pregnant and engaging in substance abuse to the extent that proper parenting skills had been impaired. The DHHR further alleged petitioner abused and neglected her other two children, B.M.-2 and I.M.-1. After the petition's filing, petitioner waived her preliminary hearing. The circuit court ordered petitioner to submit to drug screens and ordered that her visitation with the children be contingent on two clean screens.

In December of 2018, the circuit court held an adjudicatory hearing where petitioner stipulated to the allegations of abuse in the petition. As such, the circuit court adjudicated petitioner as having abused and neglected the children and granted her a post-adjudicatory improvement period. In February of 2019, the circuit court held a review hearing on the matter to determine whether petitioner was complying with the terms and conditions of her improvement period. The DHHR moved to terminate petitioner's improvement period due to her complete noncompliance and set the matter for disposition. The circuit court ordered that the case be set for a dispositional hearing, but permitted petitioner's post-adjudicatory improvement period to continue until that date.

In March of 2019, the circuit court held a dispositional hearing. Petitioner did not attend, but was represented by counsel. The DHHR submitted a memorandum into evidence that detailed petitioner's noncompliance with her improvement period. According to this memorandum, petitioner began drug screening in November of 2018 and last screened in December of 2018. Of petitioner's eight completed drug screens, only one was negative. Because petitioner failed to produce two clean drug screens, she had no visitation with the children. The memorandum also detailed that since December of 2018, petitioner's CPS worker attempted to contact her numerous times to encourage her to participate in services. However, petitioner only contacted the CPS worker once in January of 2019 to inform her that she was staying with her father, did not have transportation to complete services, and was still actively using drugs. The memorandum further stated that the DHHR had not heard from petitioner since this conversation and that she failed to complete any of the services offered to her. Due to petitioner's noncompliance with the terms of her improvement period, the DHHR requested termination of her parental rights with no post-termination visitation with the children. Petitioner's counsel moved for a continuance to allow her time to reach petitioner in order to encourage her to participate in services. The circuit court denied the motion and found that there was no reasonable likelihood that that the conditions of neglect and abuse could be substantially corrected in the near future. Accordingly, the circuit court terminated petitioner's parental rights to the children. It is from the March 13, 2019, dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

---

[2]According to the DHHR, the children's respective nonabusing fathers retain their parental rights. The permanency plan for B.M.-1 is to remain in the custody of her nonabusing father. The permanency plan for B.M.-2 and I.M. is to remain in the custody of their parental aunt, who has legal guardianship of them pursuant to a family court order.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in terminating her post-adjudicatory improvement period because it had been in effect for only forty-eight days. However, we note that in her brief before this Court, petitioner failed to cite a single case or the appendix in support of her argument. This failure is in direct contravention of this Court's Rules of Appellate Procedure and specific directions issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and *citing the authorities relied on*, under headings that correspond with the assignments of error. The argument must *contain appropriate and specific citations to the record on appeal*, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to this assignment of error is inadequate and fails to comply with Rule 10(c)(7), we decline to address this argument on appeal.

Petitioner next argues that the circuit court erred in terminating her parental rights without considering a less-restrictive disposition. Specifically, petitioner asserts that the circuit

court should have terminated her custodial rights as opposed to her parental rights given that the children were in relative placements.[3] We disagree.

West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate a parent's parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(3) further states that "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" exists when

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, petitioner failed to follow through with a reasonable family case plan as evidenced by her complete non-compliance with the terms of her improvement period. Specifically, petitioner failed to produce two clean drug screens so that she could visit her children and failed to participate in any of the services offered to her. More importantly, the last time the DHHR was in contact with petitioner, she readily admitted that she continued to abuse controlled substances. As such, the circuit court did not err in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected based on petitioner's complete disregard of the services provided to her.

Finally, we have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse

---

[3]In support of this assignment of error, petitioner briefly asserts that "the [circuit] court should have considered the less restrictive alternative of allowing [her] to have post-termination visitation [with her children]." We note, however, that petitioner has not set forth a separate assignment of error regarding the circuit court's denial of post-termination visitation. Pursuant to Rule 10(c)(3) of the West Virginia Rules of Appellate Procedure, a petitioner's brief must contain a "list of the assignments of error that are presented for review, expressed in terms and circumstances of the case." Additionally, petitioner fails to cite to any authority concerning post-termination visitation in abuse and neglect proceedings or the record in support, in compliance with Rule 10(c)(7). Because petitioner's brief in regard to this assertion fails to comply with Rule 10(c) of the West Virginia Rules of Appellate Procedure, the Court will not address this argument on appeal.

4

can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As the circuit court's findings are fully supported by the record, we find no error in the circuit court's termination of petitioner's parental rights without the use of a less-restrictive dispositional alternative. Accordingly, petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 13, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison